UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Yan Razdolsky, D.D.S., B.S.D., Ltd. )
an Illinois corporation, ) CIVIL ACTION NO.:
)
Plaintiff, )
)
v. ) JUDGE:
)
Rick Trandai, and Linh Trandai ) MAGISTRATE:
d/b/a Forever Smiles Dental )
)
Defendants )

## COMPLAINT

Plaintiff, Yan Razdolsky, D.D.S., B.S.D., Ltd. by and through its attorneys Daniel R. Madock of Klein, Dub, Holleb & Jacobs Ltd. and Alan B. Samlan and David J. Hurley of Knechtel, Demeur, & Samlan, state the following for its complaint against Defendants Rick Trandai, and Linh Trandai, individually and d/b/a Forever Smiles Dental:

### JURISDICTION AND VENUE

1. This civil action is for false designation of origin and misrepresentation under 15 U.S.C. §1125(a) (Count I); trademark infringement under the common law and statutory law of the State of Illinois, 765 ILCS §1036, et. seq. (Count II); and unfair competition under the common law and statutory law of the State of Illinois, 815 ILCS §510, et. seq. (Count III).

2. This Court has jurisdiction over the subject matter and personal jurisdiction over the parties under 28 U.S.C. §1331, 28 U.S.C. §1338(a). This Court has pendent jurisdiction over the subject matter and personal jurisdiction over the parties under 28 U.S.C. §1338(b) and 28

U.S.C. §1367 for Counts II and III.

3. Venue is proper in this District and in this Court pursuant to 28 U.S.C. §1391(b).

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

4. Plaintiff, Yan Razdolsky, D.D.S., B.S.D., Ltd. ("PLAINTIFF") is an Illinois corporation doing business under the assumed name "Forever Smiles" with its principal place of business in Cook County at 600 Lake Cook Road, Suite 150, Buffalo Grove, Illinois 60089.

5. Defendants Rick Trandai, and Linh Trandai, individually and d/b/a Forever Smiles Dental ("DEFENDANTS") are, upon information and belief, individuals with their principal place of business located in Cook County at 3044 W. Peterson Ave. Chicago, IL 60659.

6. PLAINTIFF has for many years been engaged in the business of providing orthodontic services throughout Cook and Lake Counties Illinois.

7. PLAINTIFF has used the service mark "FOREVER SMILES" for orthodontic services since at last as early as December 31, 2001, for which PLAINTIFF received a State of Illinois Certificate of registration number 103159 on November 7, 2011, and which has been granted a Certificate of Renewal on September 23, 2016. Copies of the Certificate of Registration and Certificate of Renewal are attached hereto as Exhibits A and B and incorporated herein by this reference.

8. On July 11, 2021, PLAINTIFF'S attorney sent by certified mail a cease and desist letter demanding that DEFENDANTS stop their infringing use of PLAINTIFF'S service mark. A copy of the cease and desist letter is attached hereto as Exhibit C.

9. PLAINTIFF'S counsel was subsequently contacted by an attorney stating that he was contacted by DEFENDANTS to represent them with respect to the cease and desist demand,

but the DEFENDANTS never formally retained this attorney. Accordingly, the receipt of PLAINTIFF'S demand letter was acknowledged.[a]

## COUNT I

## FALSE DESIGNATION OF ORIGIN AND MISREPRESENTATION OF TRADEMARK

10. Plaintiff specifically realleges and reincorporates by reference ¶¶1 through 9 of this Complaint as and for this paragraph 10.

11. PLAINTIFF's name and the service mark "FOREVER SMILES" is a designation of origin, identifying PLAINTIFF as the source of orthodontic services in the northern and northwest portions of Cook County and southern and southwest portions of Lake County and distinguishing PLAINTIFF'S services in the marketplace.

12. PLAINTIFF receives referrals to perform orthodontic procedures on patients referred from many general practice dentists. There is a likelihood that if the referring dentists believe that PLAINTIFF has opened or is affiliated with the general practice of dentistry in competition with them that they will no longer refer orthodontic patients to PLAINTIFF.

13. The name "Forever Smiles" used by DEFENDANTS, is likely to and does cause confusion, mistake, and deception as to the source of origin, sponsorship or approval of DEFENDANT'S general dentistry practice will result in patients and dentists engaged in the general practice of dentistry to believe that DEFENDANT'S services are associated with or performed by PLAINTIFF or the services of a company legitimately connected or affiliated with or in some way associated to or related to PLAINTIFF.

14. By displaying and using the name "FOREVER SMILES", the DEFENDANTS

---

[a] The same counsel later informed PLAINTIFF'S counsel that he would not be representing DEFENDANTS.

have misrepresented and falsely designated the origin of its goods and related services.

15. Existing and potential patients, as well as members of the general dentistry trade, will likely believe there is a sponsorship, affiliation, licensing and/or other business relationship between PLAINTIFF and DEFENDANTS relative to dental services.

16. DEFENDANTS deliberately and willfully imitated PLAINTIFF'S established service mark of "FOREVER SMILES" to deceive existing and potential patients and dentists, and cause them to mistakenly believe that DEFENDANT'S services are performed by or sponsored, approved or licensed by PLAINTIFF.

17. By using the above-described false designations of origin, DEFENDANT is attempting to and has passed off its services as PLAINTIFF'S services.

18. DEFENDANT'S above-described conduct constitutes misrepresentation and unfair competition, and, unless enjoined by the Court, will continue to cause irreparable injury to PLAINTIFF'S reputation, business, and economic opportunities.

19. PLAINTIFF has no plain, speedy or adequate remedy at law and will continue to suffer great and irreparable injury to its trade identity rights and property rights for which it cannot be fully compensated in damages unless the Court enjoins DEFENDANTS from further unauthorized usage of the above-described name pursuant to 15 U.S.C. §1051 et seq., and 15 U.S.C. §1125(a) ("The Lanham Act", §§1-45).

20. PLAINTIFF is entitled to relief under the provision of the Trademark Act of 1946 and the U.S. Trademark laws relating to trademarks and unfair competition pursuant to 15 U.S.C. §§1116, 1117, and 1118 ("The Lanham Act", §§34-36).

## COUNT II

### TRADEMARK INFRINGEMENT UNDER THE COMMON LAW
### AND STATUTORY LAW OF THE STATE OF ILLINOIS

21. PLAINTIFF specifically realleges and reincorporates by reference ¶¶1 through 9 of this Complaint as and for this paragraph 21.

22. PLAINTIFF'S service mark "FOREVER SMILES" as adopted and continuously used by PLAINTIFF since at least as early as 2001 to distinguish its services from those of others are service marks protectable under the common law and the statutory laws of the State of Illinois pursuant to 765 ILCS 1036, et. seq.

23. DEFENDANTS unauthorized usage of its name "FOREVER SMILES" is likely to and does cause confusion, mistake and deception as to the correct source of PLAINTIFF'S services and infringes PLAINTIFF'S trade identity rights and related property rights arising out of the common law and the statutory laws of the State of Illinois.

24. PLAINTIFF has no plain, speedy or adequate remedy at law and will continue to suffer great and irreparable injury to its trade identity rights and property rights for which it cannot be fully compensated in damages unless the Court enjoins DEFENDANTS from further unauthorized usage of the above identified name and designation of origin pursuant to 765 ILCS §1036 et seq., and 765 ILCS §70.

25. PLAINTIFF is entitled to relief under the provision of the Illinois Trademark

Registration and Protection Act and related laws of trademarks and unfair competition pursuant to 765 ILCS §§60, 70, and 80.

**COUNT III**
**UNFAIR COMPETITION UNDER THE COMMON LAW**
**AND STATUTORY LAW OF THE STATE OF ILLINOIS**

26. PLAINTIFF specifically realleges and reincorporates by reference ¶¶1 through 9 of this Complaint as and for this paragraph 26.

27. PLAINTIFF and DEFENDANTS compete in the marketing, selling, and promotion of dental services; the parties employ similar or the same channels of trade; and the parties sell to their services to the same general classes of potential and actual patients.

28. DEFENDANTS have misappropriated the good will symbolized by PLAINTIFF's trademark "FOREVER SMILES" by using the name "FOREVER SMILES" for its name and services which is likely to and does cause confusion or misunderstanding as to the source, sponsorship, approval, affiliation, connection, association, or certification of services with the PLAINTIFF.

29. DEFENDANTS have misappropriated the good will symbolized by PLAINTIFF's trademark "FOREVER SMILES" by passing off services approved by or affiliated with PLAINTIFF.

30. DEFENDANT deliberately imitated PLAINTIFF'S established service mark, has diverted business to itself, and unjustly enriched itself at PLAINTIFF'S expense.

31. DEFENDANTS above-described conduct constitutes unfair competition under the common law and the statutory laws of the State of Illinois pursuant to the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510, et seq.

32. PLAINTIFF has no plain, speedy or adequate remedy at law and will continue to suffer great and irreparable injury to its trademark rights and property rights for which it cannot be fully compensated in damages unless the Court enjoins DEFENDANTS from further unauthorized usage of the above-described name and designation of origin pursuant to 815 ILCS §510/3.

33. Upon information and belief, the DEFENDANTS have been and continue to willfully engage in the deceptive trade practice as the DEFENDANTS are fully aware of PLAINTIFF'S service mark rights through receipt of the cease and desist letter and yet still continues their acts of infringement entitling PLAINTIFF to costs and attorneys' fees pursuant to 815 ILCS §510/3.

WHEREFORE, PLAINTIFF, Yan Razdolsky, D.D.S., B.S.D., Ltd., prays that this Honorable Court enter judgment in favor of PLAINTIFF and against DEFENDANTS, Rick Trandai, and Linh Trandai, individually and d/b/a Forever Smiles Dental and issue an order for:

    I. Judgment for preliminary and permanent injunctions enjoining DEFENDANTS, their subsidiaries, directors, owners, partners, employees, servants and agents and all those persons in active concert and participation with DEFENDANTS, either directly or indirectly, from violating PLAINTIFF'S rights by way of:

        a. Using the name "FOREVER SMILES" as a trademark, service mark, company name, trade name, or in a source indicating the same, for or in connection with selling, marketing, advertising, promoting, importing and/or distributing dental services;

        b. Using any name, mark, designation, logo, word, trade dress or other material for or in connection with selling, marketing, advertising, promoting, importing and/or

distributing dental services which is likely to cause confusion, mistake or deception as to the source of PLAINTIFF'S service mark "FOREVER SMILES" for orthodontic services;

    c.    Passing off goods and/or services as PLAINTIFF's;

    d.    Practicing unfair competition, unfair trade practices, false advertising or misappropriation against PLAINTIFF; and

    e.    Practicing any conduct aimed at or likely to result in diverting business intended for PLAINTIFF, or injuring PLAINTIFF's good will and business reputation by way of imitation, misrepresentation, false or misleading statements, advertising, fraud and/or deception.

    II.    Directing a complete accounting of all gross revenues, donations, contributions and profits of DEFENDANTS arising from, related to, diverted from or otherwise attributable to the offer for sale or sale of infringing products and services from use of its name "FOREVER SMILES."

    III.    Granting other compensatory damages suffered by PLAINTIFF in an amount to be ascertained at trial.

    IV.    Granting exemplary and punitive damages for DEFENDANTS continuing intentional use of PLAINTIFF'S service mark.

    V.    Granting reasonable attorney's fees and costs.

ARDC

   VI.  Granting all other injunctive and monetary relief as this Court deems just and proper.

              Yan Razdolsky, D.D.S., B.S.D., Ltd.

Dated: July 20, 2021        By: _____
                 One of the Attorneys for PLAINTIFF
                 Daniel R. Madock (drm@labor-law.com)
                 ARDC No.  6192393
                 Klein, Dub, Holleb & Jacobs Ltd.
                 660 LaSalle Place, Suite 100
                 Highland Park, IL 60035
                 Phone: (847) 681-9100
                 Facsimile: (847) 681-1600

                 Alan B. Samlan (asamlan@kdslaw.com)
                 ARDC No.  2447908
                 David J. Hurley (dhurley@kdslaw.com)
                 ARDC No.  6257799
                 KNECHTEL, DEMEUR & SAMLAN
                 525 W. Monroe Street, Suite 2360
                 Chicago, IL 60661
                 Phone: (312) 655-9900
                 Facsimile: (312) 655-1917

                 *ATTORNEYS FOR PLAINTIFF*

# EXHIBIT "A"

CERTIFICATE OF REGISTRATION

## STATE of ILLINOIS

## CERTIFICATE OF REGISTRATION

Whereas, it appears from the application of **YAN RAZDOLSKY, D.D.S., B.S.D., LTD**, an **ILLINOIS corporation** located and doing business at **600 W LAKE COOK RD, STE 150, BUFFALO GROVE, IL 60089**, that said applicant has adopted and is using, within the State of Illinois, a certain **SERVICEMARK**, which is described as follows: "**FOREVER SMILES - WITH LOGO - WORDS APPEAR IN STYLIZED PRINT WITH DEPICTION OF FIVE CROOKED TEETH AND FIVE STRAIGHT TEETH WITH BRACES**" a specimen or facsimile of which mark, as currently used, is attached hereto:



The mark was first used on **December 31, 2001** and first used in the state of Illinois on **December 31, 2001**, the mark is being used by said applicant to identify and distinguish "**ORTHODONTIC SERVICES**" in class **S-044**.

The application has been duly examined and has been found acceptable for registration according to the laws of this State. Said mark is therefore, registered as of this day, number **103539** for a five year period.



In Witness Whereof, I have hereunto set my hand and caused to be affixed the Great Seal of State, at the Capitol in the city of Springfield, November 07, 2011.

*Jesse White*

JESSE WHITE
SECRETARY OF STATE

# EXHIBIT "B"

CERTIFIFICATE OF RENEWAL

# STATE of ILLINOIS

## CERTIFICATE OF RENEWAL

Application has been made by, **YAN RAZDOLSKY, D.D.S., B.S.D., LTD, 600 W LAKE COOK RD, STE 150, BUFFALO GROVE, IL 60089**, for renewal of **SERVICEMARK** registration number **103539**, which is described as follows: "**FOREVER SMILES - WITH LOGO - WORDS APPEAR IN STYLIZED PRINT WITH DEPICTION OF FIVE CROOKED TEETH AND FIVE STRAIGHT TEETH WITH BRACES**" registered on **November 07, 2011**, a specimen or facsimile of which mark, as currently used, is attached hereto:



The application has been duly examined and the registration has been found to be renewable in accordance with the laws of this State. The registration is therefore renewed as of this day for a five year period ending **November 07, 2021**.



In Witness Whereof, I have hereunto set my hand and caused to be affixed the Great Seal of State, at the Capitol in the city of Springfield, September 23, 2016.

*Jesse White*

JESSE WHITE
SECRETARY OF STATE

# EXHIBIT "C"

CEASE AND DESIST DEMAND LETTER

LAW OFFICES
**KNECHTEL, DEMEUR & SAMLAN**
525 WEST MONROE
SUITE 2360
CHICAGO, ILLINOIS 60661
(312) 655-9900 • FAX (312) 655-1917

ROBERT E. KNECHTEL, (1932-1992)
BASIL E. DEMEUR (Retired)
ALAN B. SAMLAN, P.C.
DAVID J. HURLEY

STEPHEN B. SAMLAN

July 20, 2021

Certified Mail Return Receipt Requested
Forever Smiles Dental
3044 W. Peterson Ave.
Chicago, Illinosi60659

    Re:    Infringement of FOREVER SMILES Servicemark

Dear Drs. Rick and Linh Trandai:

    We represent Yan Razdolsky, B.S.D. LTD. ("Razdolsky") with respect to its intellectual property matters.

    Razdolsky recently learned that Forever Smiles Dental ("FSD") has been operating a dental practice under the name Forever Smiles Dental located at the above address in the northwest side of Chicago. As discussed in greater detail below, FSD's unauthorized use of Razdolsky's servicemark constitutes infringement of Razdolsky's servicemark and must immediately cease.

    Razdolsky is the owner of the State of Illinois Registration number 103539 for its servicemark as indicated on the attached. Razdolsky has used its servicemark for the name Forever Smiles and its distinctive logo for over nineteen years. Over this time period, Razdolsky's name has been used and its dental services have been provided throughout the north side of Chicago and surrounding suburban communities and indicates to patients a high level of professional services. Razdolsky has expended a great deal of time and money to build up considerable recognition and goodwill in its name and servicemark and must take action to protect itself and its patients, and its rights are protected by federal and state laws.

    FSD's use of the "FOREVER SMILES DENTAL" name to consumers, observers, and others may likely be confused to believe that FSD's dental services are associated with Razdolsky, when they are not. Confusion is made more likely by the fact that the services offered by both companies are related or identical. The injuries to

Page 2.

Razdolsky's rights and reputation that are caused by such the use of an infringing name, as well as the injuries to patients, are substantial. The Federal Trademark Act at 35 U.S.C §1125 provides that any person that uses a word, term, or name which is likely to cause confusion or to deceive as to the affiliation or connections with another person shall be liable in a civil action by any person who believes that he is likely to be damaged by such act. The law provides for injunctive relief and recovery of monetary damages, including any infringing profits, trebled in cases of willfulness, and attorneys' fees under such circumstances.

For these reasons, Razdolsky must insist that Forever Smiles Dental do the following:

1. Immediately and permanently cease and desist from any further advertising, display, promotion, or any other use of the name "Forever Smiles".

2. Promptly destroy any literature that uses the name "Forever Smiles".

3. Remove the name "Forever Smiles" or "Forever Smiles Dental" from any web site owned or controlled by Forever Smiles Dental.

We understand that your choice of this name may have been without knowledge of Dr. Razdolsky's rights and we hope this matter can be resolved amicably and expeditiously. Within ten (10) days from the date of this letter, please provide us with written assurances that Forever Smiles Dental will comply fully with Razdolsky's demands. Naturally, nothing in this letter should be construed as limiting Razdolsky's rights or remedies.

Very truly yours,

Knechtel, Demeur & Samlan

Alan B. Samlan

cc: Yan Razdolsky